```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA    *    DOCKET NO: CR-06-251-01
                            *
V.                          *    JUDGE: FREIDMAN
                            *
DAVID FAISON                *    SENTENCING: 22/26/07
```

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

COMES NOW, DAVID FAISON, by and through his attorney, Khadijah R. Ali, and respectfully presents this memorandum in aid of sentencing. In support of this memorandum, defendant submits the following:

On September 6, 2006, Mr. Faison pled guilty to one Count of Theft of Tools and Materials for Counterfeiting Purposes.

Mr. Faison is a 56 year old man old young man who resides in Largo, MD, but was born and raised and has lived in the Washington, DC area for all of his life. He is a Widower and has a long term girlfriend. Mr. Faison has one child, an adult son. As the Court is aware, this charge represents Mr. Faison's second conviction. The first conviction for possession of heroin was over 20 years ago.

Mr. Faison was employed for 36 years at the Bureau of Engraving and Printing, the victims in this offense. Due to the present circumstances, Mr. Faison obviously felt it was wise to retire from his position there. To date Mr. Faison is not presently employed but intends to seek other

employment some time in the near future once this matter is concluded.  At the present time, Mr. Faison feels that it is more important to concentrate on his mental and physical health and recovery.  Mr. Faison does readily admit to having a serious drug problem.  His drug of choice was heroin, and is the reason why he finds himself in this predicament.  Mr. Faison's drug usage started about twenty years ago, and is more than likely the result of trying to cope with his depression.  Initially, he started using recreationally, but as his depression grew, so did his dependency on drugs, and before you knew it, Mr. Faison had a four time a week habit.  After several years of dependency, Mr. Faison recognized that he needed to get help and in 1998 sought assistance on his own for his addiction. He first started in a methadone program and was eventually drug free but for the methadone, for a period of at least two years prior to his present relapse.  Mr. Faison believes that feelings of depression that begin to overwhelm him was the cause of his relapse. Once this relapse occurred it obviously affected his thinking and judgment, and as he says in his statement is "what caused him to make such a life altering mistake," that brings him before this court today. This is not to say that Mr. Faison is making excuses for his behavior and decisions.  He accepts full and complete responsibility for them.  This is also apparent in his

comments to the presentence writer and to this court in his statement; however, this information is being provided as background and to hopefully assist the court with understanding what drove him to engage in the behavior which finds him before this court.

One thing Mr. Faison wants the court to understand and believe is that, he realizes what a foolish, and destructive decision he made when he agreed to first use drugs and to continue to use drugs, and then to steal the Federal Notes, and then to foolishly think he could pass them off at the Casinos without being caught or detected.  Looking back on things now, sober, Mr. Faison truly realizes how utterly foolish his actions were, and he has stressed this time and time again to me as his counsel.  Mr. Faison takes full responsibility for what he did do.  Mr. Faison regrets these actions more than anything, and more so because after all these years as an older man he finds himself with another criminal conviction and facing incarceration.  He has no excuse to offer for his actions on that day and the subsequent days thereafter, except that it was due to his altered state of mind, he was not thinking clearly or rationally at the time.  Through my conversations with him, he has made it very clear to me that he has learned a very valuable lesson, and has realized that he in fact has a serious problem, for which he now realizes he needs help

with, and has in fact sought and obtained help for.  Mr. Faison has often expressed a desire to turn back the clock and be given a second chance to do something other that what he did on that fatal day he decided to sneak those notes out of the Bureau of Engraving.  He wants to make changes, and as I have stated above, has since all of this occurred, started down the road to recovery.  As the Court is aware from the PSI report, Mr. Faison voluntarily entered himself into an outpatient drug treatment program.  He attends weekly groups and regular N.A. (narcotics anonymous) sessions.  Mr. Faison, has indicted to me how much he enjoys these groups, his therapy, and how good and healthy it feels to be drug free.  Mr. Faison has consistently tested negative since entering into this program, and remains negative to date.  I feel that with continued counseling Mr. Faison, can, and I believe already has turned this situation around.  After talking with Mr. Faison and getting to know him, I am convinced that if given the opportunity and with continued drug and mental health treatment, as well as counseling, which he now realizes he needs, he could be successful.

### SENTENCING CALCULATIONS

The statutory maximum sentence for the charge of one count of theft of tool and materials for counterfeiting purposes in violation of 18 U.S.C. § 642, is ten years

imprisonment, a fine of $250,000.00 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), $100.00 in special assessment feels and a three year term of supervised release.

Pursuant to the Sentencing Guidelines, the pre-sentence writer has calculated Mr. Faison's total offense level after acceptance of responsibility to be 12.  This is based on a two point Specific Offense Characteristic enhancement due to the fact that the offense involved more than 10 victims.  This guideline range puts Mr. Faison, according to the pre-sentence writer's calculations, in Zone C on the sentencing table.  This range subjects Mr. Faison to a Guideline term of imprisonment of 10-16 months, and the minimum term of imprisonment me be satisfied by a period of supervised release with a condition that substitutes community confinement or home detention, provided at least one half of the minimum term is satisfied by imprisonment.  Under Zone C, Mr. Faison is not eligible for probation.  The probation officer states that he has not identified any factors that would warrant a departure from the prescribed guidelines.

However, under the plea agreement, the parties agreed to a total offense level of 12, which includes a base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(2), plus a 6 level enhancement for a loss of more than $30,000.00 pursuant to U.S.S.G. § 2B1.1(b)(1)(D).  The

government agreed not to oppose a 2 point reduction for acceptance of responsibility, which brings the total offense level down to 10, which places the offense in Zone B on the Guideline Table.  Accordingly, the agreement stipulates to a Guideline Sentencing range of 6-12.  This Guideline range would also allow for a sentence of probation if the Court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in U.S.S.G. § 5C1.1(c)(3). Additionally, pursuant to the agreement Mr. Faison agreed to a restitution amount of $37,200.00.

### A SENTENCE OF PROBATION SHOULD BE IMPOSED

The Government has agreed to honor its obligation under the plea agreement, and according to objections noted in the Pre-sentence report, will stand by the stipulated total offense level of 10.  As a result, in accordance with the factors addressing departure laid out in §3553(a) of the Sentencing Guidelines Mr. Faison request that this Court impose a sentence of probation in conjunction with a period of home detention as provided in U.S.G. § 5C1.1(c)(3).

As stated above, although Mr. Faison's actions in committing this crime were serious, given his virtual lack of criminal history, this is basically a first time offense. Mr. Faison was employed at the Bureau of Engraving for over 30 years without incident.  But for the escalation of his

drug addiction and emotional state, I submit it is safe to say this incident would not have occurred. Mr. Faison has taken a major step and accepted responsibility for what he did. In addition, he wasted no time in cooperating with the government to tell them every detail about how he was able to accomplish this act. Further, by the time of sentencing, Mr. Faison should have already made a $10,000.00 restitution payment to the court for the victims in this case. Mr. Faison intends to honor his obligation in that regard, and is anxious to have the restitution amount paid as quickly as possible.

Counsel submits that given Mr. Faison's history, or lack thereof this Court can be certain this incident has been a wake up call for him. With all his years of using drugs, he has never been involved in anything as serious as this. Mr. Faison truly realizes how serious this situation was and how it could have turned out so much worse. The knowledge of this and the relief he feels from being drug free and, even though he has not been sentenced yet, for escaping a sentencing that could have put him away for several years, is enough for him to feel that this situation has been somewhat of a blessing in disguise. Mr. Faison is a person who can really appreciate the beauty of this enough so that I feel comfortable stating to this Court that I know he will not be back. Mr. Faison is a man who really does

value his freedom.  Immediately after this happened, he knew that he needed to do something, and as soon as he was able, he enrolled himself into drug treatment, and he has been clean ever since.

Mr. Faison realizes that it his poor and reckless choices have caused others considerable trouble, time and expense.  For that he is deeply sorry.  However, he has already started down the road to recovery, to make amends and restitution.  A period of incarceration for someone who has made one mistake, although we realize it is a big one, who has clearly demonstrated he is capable of rehabilitation, would do nothing more than to destroy all of the progress he has made.

If the Court feels that probation would not be punishment enough, I submit that the Court can trust that the physical pain and personal humiliation and embarrassment he has had to bear from this incident being so public is certainly punishment.  Having to leave a job where he was considered a valued employee under the stigma of humiliation and shame, has been punishment.  Mr. Faison will have to live with this embarrassment for the rest of his life. Counsel submits that these factors coupled with the stigma and strict responsibilities of probation, are certainly arduous enough in nature to satisfy the penalty phase of this case.

Consequently, Mr. Faison respectfully request and recommends that sentence of probation coupled with intermittent periods of home detention is more than an appropriate sentence under the facts and circumstances of this case. Mr. Faison request that this honorable Court impose such a sentence.

Respectfully Submitted,

_____
Khadijah R. Ali
216 G Street, NE
Washington, DC 20002
202/548-0016

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by ECF filing to Jonathan Barr at the Office of the United States Attorney, at 555 4th Street NW, Washington, DC 20530 this 23 day February, 2007.

_____
Khadijah R. Ali