## HONORABLE PAUL L. FRIEDMAN, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

# FILED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Docket No.:** <u>06-CR-251</u> |
| | : | |
| vs. | : | SSN: . |
| | : | |
| FAISON, David C. | : | **Disclosure Date:** <u>December 7, 2006</u> |

FEB 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the
Presentence Investigation Report (PSR) in the above-entitled case.  The undersigned
further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
    ( )   There are no material/factual inaccuracies therein.
    (✓)   There are material/factual inaccuracies in the PSI report as set forth in the
    attachment herein. *See Attached Letter.*

_____     1/5/07
**Prosecuting Attorney**                               **Date**

#### For the Defendant

(CHECK APPROPRIATE BOX)
    ( )   There are no material/factual inaccuracies therein.
    ( )   There are material/factual inaccuracies in the PSI report as set forth in the
    attachment.

_____ 2/26/07    _____ 2/26/07
**Defendant**       **Date**         **Defense Counsel**      **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material
inaccuracies or disputes in writing by <u>December 19, 2006</u>, to U.S. Probation Officer
<u>Matthew Worboys</u>, telephone number <u>(202) 565-1340</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of
the Attorney for the Government and the Defense Counsel to provide each other with a
copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

**By:**   Gennine A. Hagar, Acting Chief
       United States Probation Officer



**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 5, 2007

VIA FACSIMILE
(202) 273-0242

Probation Officer Matthew Worboys
United States Probation Office
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave., NW
Washington, D.C.

     Re:    Receipt and Acknowledgment of Presentence Investigation Report for David C.
             Faison, CR-06-251-01 (PLF)

Dear Mr. Worboys,

     Thank you for the Presentence Investigation Report for defendant David C. Faison. I
have reviewed the Presentence Investigation Report ("Report") and would like to bring to your
attention the following additional facts that may affect your Report to the Court. While we have
deemed some of the changes outlined herein as "material," your office may arrive at a different
conclusion regarding their materiality. Regardless, it is our position that these are matters that
need to be brought to your attention, including:

     As a result of the recent continuance of the sentencing, the Sentencing Date reported on
the cover page should read February 26, 2007, at 9:15 a.m.

     On page 3 of the Report at ¶ 3, it is reported that the parties agreed that the guideline
applicable for the offense is USSG 2B1.1(b)(1)(D) and carries a base offense level of 12. I
believe the words "base offense level" should be changed to "total offense level" to be more
consistent with the terms of the plea agreement.

     On page 4 of the Report at ¶ 8, the Report describes what the defendant did with the 360
hand cut partially printed $100 Federal Reserve Notes. I take this opportunity to inform you that
the defendant very recently informed us that he burned two or three of the Federal Reserve Notes.
If he burned three of the Notes, this would decrease the amount of restitution owed by $300. We
are unable to corroborate or disprove at this time the defendant's claim that two or three Notes
were burned. As we discussed earlier, and as the report reflects, $12,200 in Federal Reserve

Notes has yet to be recovered from circulation.

On page 5 of the Report at ¶ 18, the Report, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(I), adds two offense levels for the specific offense characteristic that the offense involved more than 10 victims. As obligated, I have provided you with a list of all of the victims of the offense of whom the Government is currently aware. The current list of known victims which I provided you contains the names of thirteen individuals and entities. At the time of the execution of the plea agreement, I was not aware that there were ten or more victims of the offense. The Government bound itself in the Plea Agreement to a stipulation that the total offense level under the U.S.S.G. is offense level 12, and this total offense level does not include a two level enhancement for 10 or more victims. The Government will and, indeed, must honor its agreed upon stipulation contained within the Plea Agreement. The Government can not take a position that is at odds with the stipulation of a total offense level of 12 in the Plea Agreement.

On page 6 of the Report at ¶ 22, the Report sets forth an adjusted offense level of 14. As discussed earlier, the Government bound itself in the Plea Agreement to a stipulation that the total offense level before acceptance of responsibility is 12.

On page 6 of the Report at ¶ 25, the Report sets forth a total offense level of 12. The Government bound itself in the Plea Agreement to a stipulation that the total offense level after acceptance of responsibility is 10.

On page 12 of the Report at ¶ 56, the Report calculates the guideline range for imprisonment based upon a total offense level of 12 as being 10-16 months. The Government bound itself in the Plea Agreement to a stipulated total offense level of 10 after acceptance of responsibility, and to a stipulated Sentencing Guidelines Range for imprisonment of 6-12 months.

On page 12 of the Report at ¶ 57, the Report determined the Guideline Range to be in Zone C of the sentencing table. The Government's stipulation to a total offense level of 10 after acceptance of responsibility in the Plea Agreement would yield a Guideline Range in Zone B of the sentencing table. The Government must honor its obligations under the Plea Agreement.

On page 13 of the Report at ¶ 63, the Report notes that because the defendant's applicable Guideline Range is in Zone C, the defendant is not eligible for probation. The Government's stipulation to a total offense level of 10 after acceptance of responsibility in the Plea Agreement would yield a Guideline Range in Zone B of the sentencing table which would allow for a sentence of probation under the Sentencing Guidelines if the Court imposed a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in U.S.S.G. § 5C1.1(c)(3). The Government must honor its obligations under the Plea Agreement.

On page 14 of the Report at ¶ 68, the Report notes that the fine range under the Sentencing Guidelines is $2,000 to $20,000. This is the correct fine range for the offense level 10 to which the Government stipulated in the Plea Agreement.

I thank you and your office for compiling the Presentence Investigation Report and for the opportunity to review the Report. I am forwarding a copy of this letter to Mr. Faison's attorney Khadijah R. Ali, Esq., at facsimile number: (202) 548-0372. Please don't hesitate to contact me at (202) 514-9620 if you have any questions or need additional information.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____
JONATHAN R. BARR
Assistant United States Attorney

12/15/2006   02:00   2825480         THE LAW OF KR                    PAGE  01/04

# THE LAW OFFICES OF KHADIJAH R. ALI

216 G Street, NE
First Floor
Washington, DC 20002

Telephone: (202) 548–0016
Facsimile: (202) 548-0372
E-Mail · kralaw1@cs.com

Admitted In:
District of Columbia,
Maryland,
Pennsylvania, and
D.C. and Maryland Federal
District Courts

## FACSMIMILE TRANSMITTAL COVER SHEET

TO: _Matthew Worboys_

DATE: _1/15/07_

PHONE: _(202) 565 – 1346_

FAX: _(202) 273 - 0242_

NUMBER OF PAGES: _4_

COMMENTS: _____

IF TRANSMISSION IS INCOMPLETE, PLEASE CALL THE NUMBER ABOVE. The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity listed above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# THE LAW OFFICES OF KHADIJAH R. ALI, P.C.

216 G Street, NE
Washington, DC 20002
Telephone: (202) 548-0016
Facsimile: (202) 548-0372
E-Mail • kralaw1@msn.com

Admitted In:
District of Columbia
Maryland
Pennsylvania

January 14, 2007

Matthew Worboys, Probation Officer
United States Office of Probation
E Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 2000

Re:  Presentence Investigation Report for David Faison /Material and Factual
Inaccuracies

Dear Mr. Worboys:

I have had an opportunity to review the presentence report and wish to draw your
attention to several points therein, most of which I consider to be material and factual
inaccuracies, some my not be that material.

First, on page 2 of the report you have an alias listed for Mr. Faison of "David
Waters." Mr. Faison indicates that he has never used such a name, and has never used an
alias.

Second, on page 4, paragraphs No. 8 and 9 of the Report where it describes what
Mr. Faison did with the notes, Mr. Faison acknowledged to counsel early on and then
later at the first meeting with the government that after he attempted to cut the notes into
bills, he quickly realized that he would not be able to cut them accurately enough for use
on the street. As a result, Mr. Faison contemplated not utilizing the notes and started to
burn some of them in an effort get rid of them. Mr. Faison indicates that he burned
approximately three of the notes, which, if confirmed would thereby reduce the amount
of restitution owed by $300.00.

On page 4 of the report, paragraph 10 you have a total list of thirteen victims.
The government agreed that there were no more than ten victims at the time of the plea
agreement was entered into. As a result, the agreement between the government and Mr.
Faison was that there was total offense level of 12, before adjustment for acceptance of
responsibility. You have given the defendant a two point enhancement due to the fact
that the government has provided you with a list of 13 victims. Our agreement with the
government did not include this two level enhancement.

Likewise, on page 5 of the report, paragraph 18, as stated above, the agreement at the time of the plea agreement was that there were not more than 10 victims and therefore no two level enhancement would apply.

On page 6, paragraph 22 of the report, because of the reasons stated above, the government and the defendant have an agreement that the total offense level is 12.

Paragraph 25, page 6 of the report, the stipulation between the parties is that there is a total offense level after acceptance of responsibility of 10.

Regarding page 7, paragraph 31 of the report, Mr. Faison states that he is in fact, the youngest of five children.

Regarding page 9, paragraph 40 of the report, Mr. Faison states that there is a family history of mental illness. His younger sister, Thelma Faison who died from a choking incident, suffered from mental illness and in fact died in a home for the mentally ill.

Regarding page 12, paragraph 52 of the report, Mr. Faison states that he has provided both his checking account information as well as verification of his car insurance and monthly payments to you personally. Although this information may have been provided shortly after the report was completed. Please inform us if you do not have the information, and Mr. Faison will resubmit it to you.

Regarding page 12, paragraph 53 of the report, Mr. Faison indicates that he did not state he would cash out his entire thrift savings account, but intends to cash out a portion of at least $10,000.00 of this account due to the fact that cashing at more at one time would incur a huge penalty. The government has agreed that Mr. Faison make partial payment towards the restitution and does not have to have the entire amount paid at sentencing. I have advised Mr. Faison to pay the $10,000.00 prior to sentencing.

On page 12, paragraph 56 of the report you've calculated a guideline rage of 10 to 16 months based on a total offense level of 12. Again, based on the aforementioned the parties agreed to a stipulated total offense level of 10 after acceptance of responsibility under the terms of the plea agreement, and to a stipulated sentencing guideline range of 6-12 months.

Again, due to the parties stipulating to a total offense level of 10 this would put Mr. Faison in a Zone B guideline range and not zone C as you've calculated in paragraph 57 of page 12 of the report.

On page 13, paragraph 63 of the report you state that because of the applicable guideline range of zone C, the defendant in not eligible for probation. However, due to the fact that the parties stipulation to a total offense level of 10 this would put Mr. Faison in a guideline range of zone B of the sentencing table, which would allow for a sentence of probation under the Sentencing Guidelines as provided in U.S.S.G. § 5C1.1(c)(3).

I believe this completes our review and corrections of your Presentence Investigation Report. Thank you for being so understanding and patient with my situation, and giving me the extra time to submit this information to you. If you have any questions, please do not hesitate to contact me.

Sincerely,

Khadijah Ali
Attorney for Defendant Faison